## In re UNITED SERVICES AUTOMOBILE ASSOCIATION.[1]

## In re State Farm Fire and Casualty Company and State Farm Lloyds.[1]

Nos. 04–01–00549–CV, 04–01–00560–CV.

Court of Appeals of Texas, San Antonio.

March 20, 2002.

---

1. A rule of appellate procedure will be referred to as "TRAP_" hereafter.

1. Arising out of Cause No. 97–CI–11646, styled *Julio and Clara Cardenas v. Liberty Mutual Fire Insurance Company, GE Reaves En-* gineering, *Inc., and Tana M. Koudelka, Individually and as an agent, servant and employee of GE Reaves Engineering, Inc.,* pending in the 45th Judicial District Court, Bexar County, Texas, the Honorable Andy Mireles, presiding.

ing lawsuit. Because the discovery orders are impermissibly overbroad, we conditionally grant the petitions.

Daniel McNeel Lane, Jr., John F. Gillard, Jo Beth Eubanks, Akin, Gump, Strauss, Hauer & Feld, San Antonio, for appellant in case 04-01-00549-CV.

Dave V. Jones, Jones Kurth, Andrews & Ortiz, P.C., San Antonio, for appellant in case 04-01-00560-CV.

James E. Montgomery, Jr., Elizabeth J. Lindell, Soules & Wallace, P.C., Thomas Hernandez, Robert W. Loree, Law Office of Robert W. Loree, San Antonio, for appellee in case 04-01-00549-CV.

Daniel McNeel Lane, Jr., John F. Gillard, Jo Beth Eubanks, Akin, Gump, Strauss, Hauer & Feld, Elizabeth J. Lindell, James E. Montgomery, Jr., Soules & Wallace, P.C., Robert W. Loree, Thomas Hernandez, Law Office of Robert W. Loree, San Antonio, Lynn E. Carter, Hanna & Plaut, L.L.P., Austin, for appellee in case 04-01-00560-CV.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice and SANDEE BRYAN MARION, Justice.

Opinion by PAUL W. GREEN, Justice.

In these consolidated petitions for writ of mandamus, we determine whether the trial court abused its discretion by ordering production of unredacted engineering reports prepared for the relators, United Services Automobile Association, State Farm Fire and Casualty Company, and State Farm Lloyds (the Insurance Companies), who are not parties to the underly-

## FACTUAL AND PROCEDURAL BACKGROUND

Julio and Clara Cardenas filed suit against Liberty Mutual Insurance Company seeking compensation for Liberty Mutual's failure to pay the Cardenases' insurance claim for foundation damage. The Cardenases also sued G.E. Reaves Engineering, Inc. (Reaves) and Tana M. Koudelka,[2] the engineers hired by Liberty Mutual to investigate the claim. The Cardenases alleged the engineers conspired with Liberty Mutual to "low-ball" the amount of the claim.

The engineers filed a motion for summary judgment, asserting: (1) they owed no duty to the Cardenases as a matter of law; and (2) there is no evidence to support certain elements of the Cardenases' claims. The engineers also filed a counterclaim against the Cardenases and their counsel for filing a frivolous claim.[3] Without specifying its reasons, the trial court granted the engineers' summary judgment, and the Cardenases settled with Liberty Mutual.

As part of their defense to the counterclaim, the Cardenases noticed Gaylord Reaves' deposition, including a subpoena duces tecum requesting production of "engineering reports prepared by [Reaves] for insurance companies on foundation claims involving plumbing leaks" and "the last 250 reports ... on foundation claims involving plumbing leaks for any insurance company." Under court order, Reaves provided the reports with personal infor-

---

**2.** Reaves and Koudelka are referred to hereafter collectively as "the engineers."

**3.** The counterclaim is based on Tex. Bus. & Com.Code Ann. §§ 17.41, *et seq.* (Vernon Supp. 2002) and Tex.R. Civ. P. 13.

mation of the insureds redacted.[4] The Cardenases filed a motion to compel unredacted reports, and Reaves then entered a Rule 11 agreement to produce unredacted reports, with the provision that the Insurance Companies would be given notice and an opportunity to object.

At the hearing on the Insurance Companies' motions for protective order, the Cardenases argued they needed personal information about the insureds to question those individuals about their claims and obtain factual support for the allegation the engineers regularly produce results-oriented reports in a conspiracy with insurance companies to underestimate and deny foundation claims. The trial court denied the motions for protective order, stating the Cardenases and their attorneys were entitled to defend themselves against the engineers' counterclaim for frivolous lawsuit. On petition for mandamus, the Insurance Companies assert the trial court abused its discretion in denying the protective orders because the information sought is irrelevant and unnecessarily invasive of the privacy of the non-party insureds.

## DISCUSSION

### A. Scope and Standard of Review

 To be entitled to mandamus relief, the relator must show the trial court abused its discretion and the relator has no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). The trial court abuses its discretion when it fails to properly apply the law to the undisputed facts, when it acts arbitrarily or unreasonably, or when its ruling is based on factual assertions unsupported by the record. *Microsoft Corp. v. Manning,*

914 S.W.2d 602, 607 (Tex.App.—Texarkana 1995, writ dism'd). In applying the abuse of discretion standard, we defer to the trial court's factual determinations while reviewing its legal determinations *de novo. Pony Express Courier Corp. v. Morris,* 921 S.W.2d 817, 820 (Tex.App.—San Antonio 1996, no writ). An overly broad discovery order is an abuse of discretion for which mandamus is appropriate because remedy by appeal is inadequate. *Walker,* 827 S.W.2d at 843; *In re Xeller,* 6 S.W.3d 618, 626 (Tex.App.—Houston [14th Dist.] 1999, orig. proceeding).

### B. Privacy

 Texas recognizes a right of privacy defined as "the right of an individual to be left alone, to live a life of seclusion, to be free from unwarranted publicity." *Billings v. Atkinson,* 489 S.W.2d 858, 859 (Tex.1973). Because the protection of privacy is fundamental and of constitutional import, discovery must be scrupulously limited to what is material and relevant to the cause of action at issue. *Maresca v. Marks,* 362 S.W.2d 299, 301 (Tex.1962); *El Centro del Barrio, Inc. v. Barlow,* 894 S.W.2d 775, 779–80 (Tex.App.—San Antonio 1994, orig. proceeding). An insurance company may request limitation of discovery to protect the privacy of its insureds. *See Alpha Life Ins. Co. v. Gayle,* 796 S.W.2d 834, 836 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding). When a party has properly objected to a request for production based on privacy rights, it is the burden of the party seeking production to show the information sought is material, relevant, and necessary. *El Centro del Barrio, Inc.,* 894 S.W.2d at 779.

---

**4.** Reaves redacted information such as the name, address, phone number, and policy number of the insureds.

### C. Relevance

The Cardenases may not be sanctioned under Rule 13 unless the trial court finds their lawsuit against the engineers was: (1) groundless and brought in bad faith, or (2) groundless and brought for the purpose of harassment. TEX. RULE CIV. P. 13; *Skepnek v. Mynatt*, 8 S.W.3d 377, 382 (Tex.App.—El Paso 1999, pet. denied). To determine if a pleading was groundless, the trial court uses an objective standard: did the party and counsel make a reasonable inquiry into the legal and factual basis of the claim? The court will look to the facts available to the litigant and the circumstances *at the time the suit was filed. Skepnek*, 8 S.W.3d at 382–83; *Tarrant Cty. v. Chancey*, 942 S.W.2d 151, 155 (Tex.App.—Fort Worth 1997, no writ). Because the trial court did not specify that its summary judgment ruling was based on failure to state a legal claim, we must consider whether the discovery sought is relevant to determining the facts known to the Cardenases at the time they filed suit.

Engineering reports prepared for the non-party Insurance Companies shed no light on whether, at the time of filing suit, the Cardenases had a legal basis for their conspiracy claim against Liberty Mutual or a good faith argument for the extension, modification, or reversal of existing law. *See Skepnek*, 8 S.W.3d at 382–83. Further, discovery designed to elicit information about a conspiracy after suit is filed is irrelevant to a determination of whether the party had a reasonable factual basis for the claim at the time suit was filed. *In re Xeller*, 6 S.W.3d at 626–27. Counsel for the Cardenases argues he received similar information in past cases but is unable to use it in this case because

of confidentiality orders. However, his current discovery request is not limited to those reports he may have reviewed prior to the lawsuit. Thus, the request for unredacted reports is overbroad and not reasonably calculated to lead to the discovery of evidence relevant to defending against the engineers' counterclaim.

Additionally, the Cardenases have not shown that documents implicating a conspiracy between the engineers and the non-party Insurance Companies are relevant to the claim that the engineers conspired with Liberty Mutual in this case. This is not a class action lawsuit or a conspiracy claim against multiple insurance companies. Our courts have emphasized that discovery may not be used as a "fishing expedition." *In re Xeller*, 6 S.W.3d at 625. Particularly when the discovery at issue is personal information about non-party individuals who will not have the opportunity to object on their own behalf, the trial court's order compelling unredacted reports prepared for the non-party Insurance Companies is impermissibly overbroad.[5]

### CONCLUSION

Because we conclude the trial court's orders that G.E. Reaves Engineering, Inc. produce unredacted engineering reports are impermissibly overbroad, we conditionally grant the petitions for writ of mandamus to allow the trial court to vacate its orders in accordance with this opinion. The writs will issue if, within twenty days of this order, the trial court does not vacate its orders of August 17, August 20, and August 21, 2001, denying the relators' motions for protective order and requiring G.E. Reaves Engineering, Inc. to produce

---

5. Because we hold the trial court's orders are overbroad, we need not reach the Insurance Companies' issues regarding proprietary information or the application of the consulting expert privilege.

unredacted reports prepared for the relators, United Services Automobile Association, State Farm Fire and Casualty Company, and State Farm Lloyds.