# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00604-CV

**In re Vicki Koether**

### ORIGINAL PROCEEDING FROM LEE COUNTY

## M E M O R A N D U M   O P I N I O N

On July 18, 2013, Vicki Koether, Relator, was struck by a vehicle in the parking lot of a Wal-Mart store in Giddings, Texas. The driver of the vehicle drove away before he could be identified, but after reviewing video surveillance and a transaction receipt from store purchases, a Wal-Mart representative believed the driver was a man named Jacob Banman. Koether sued Wal-Mart Stores, Inc. and "John Doe" for her personal injuries. In her petition, Koether alleged that the lighting in the Wal-Mart parking lot was inadequate.

Koether served Wal-Mart with a request for production seeking the following items:

1. A copy of any transaction (or any other) receipt for any purchases made at the Giddings Wal-Mart Store by a Jacob Banman at or near 9:37 p.m. on July 18, 2013.

2. A copy of any document generated as a direct result of the transaction by Jacob Banman at or near 9:37 p.m. on July 18, 2013 at the Giddings Wal-Mart store that provides any identifying information about Mr. Banman, including his credit card number, credit card type used in the transaction, address, telephone number, social security number, or drivers license number.

Asserting that Koether's discovery request "seeks sensitive information including credit card information," Wal-Mart filed a motion for protective order. Neither party offered evidence, either before or during the hearing on the motion. The trial court granted Wal-Mart's motion, ordering that "the Defendant be ordered to not respond to Plaintiff's production requests." Koether has now filed in this Court a petition for writ of mandamus asking that we command the trial court to compel production of the requested information.

We deny Koether's mandamus petition for the following reasons:

1. Mandamus "'is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court.'" *In re Prudential Ins. Co.*, 148 S.W.3d 124, 138 (Tex. 2004) (quoting *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993)).

2. Koether failed to present evidence that the information sought, including credit card number and social security number, would assist in locating Jacob Banman. "When a party has properly objected to a request for production based on privacy rights, it is the burden of the party seeking production to show the information sought is material, relevant, and necessary." *In re United Servs. Auto. Ass'n*, 76 S.W.3d 112, 115 (Tex. App.—San Antonio 2002, orig. proceeding). Without evidence that the private information will assist in locating Mr. Banman, Koether has not shown that the requested information is material and relevant.

3. Koether failed to present evidence that she had searched for but was unable to locate Mr. Banman without the requested information. Without such evidence, Koether has not shown that the requested information is necessary.

4. Koether failed to offer to keep the requested information confidential, protect privacy concerns, and use the information only for the purpose of locating Mr. Banman.

For the foregoing reasons, we deny Koether's petition for writ of mandamus. Koether's "Emergency Motion to Stay Underlying Proceedings" is dismissed as moot.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed:   October 14, 2014

3