# NO. 12-20-00129-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *UPS GROUND FREIGHT, INC.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *OPINION*

On the court's own motion, we withdraw our opinion issued September 16, 2020 and vacate our judgment of that date. The following is now the opinion of this court.

UPS Ground Freight, Inc., Relator, filed a petition for writ of mandamus in the above cause, seeking to compel the Respondent, the Honorable J. Clay Gossett, Judge of the 4th Judicial District Court of Rusk County, Texas to vacate his April 23, 2020 order compelling discovery. The parties agreed to stay enforcement of the order. Real party in interest Jacintha Nicole McElduff, as independent administrator of the estate of Nathan Dean Clark, filed a response. Relator contends Respondent abused his discretion by ordering disclosure of information regarding persons who are not connected to the case. We conditionally grant the petition in part and deny it in part.

## BACKGROUND

A UPS driver, Phillip Villareal, was involved in a car accident that resulted in multiple injuries and one fatality. Litigation ensued, and McElduff served Relator with the following discovery requests:

> **INTERROGATORY NO. 1:** For the time period of 2006 to 2017, please Identify all Commercial Motor Vehicle drivers who drove Commercial

Motor Vehicles under Your authority and were dispatched out of the UPS Freight/UPS Ground Freight facility in Irving, Texas (the same facility from which Defendant Phillip Villareal was dispatched), and the time from [sic] each driver was employed (e.g. January 2003 to present, or January 1997 to October 2017).

**REQUEST FOR PRODUCTION NO. 1:** Copies of all documentation of all alcohol, drug and/or controlled substance tests of the drives [sic] identified in Your response to Cross-Plaintiff's Second Set of Interrogatories, including pre-employment, random, reasonable suspicion, periodic and post-accident testing.

Respondent ordered Relator to comply with these requests. Instead, Relator filed a petition for writ of mandamus with this court complaining that the trial court abused its discretion by requiring the disclosure of drug and alcohol testing data, including records of non-parties. This court determined that the order was overbroad and conditionally granted the petition. *See **In re UPS Ground Freight, Inc.**,* No. 12-19-00412-CV, 2020 WL 975357 (Tex. App.—Tyler Feb. 28, 2020, orig. proceeding) (mem. op.). Thereafter, Respondent vacated his December 6, 2019 discovery order and this court dismissed the petition for writ of mandamus as moot.

McElduff filed a motion for entry of a revised order on her motion to compel discovery. After a hearing, Respondent granted her motion in part. The order's first through fourth decretal paragraphs are as follows:

IT IS THEREFORE ORDERED that in response to Interrogatory Number 1 of McElduff's Second Set of Interrogatories, UPS Ground Freight, Inc. must provide the names, addresses, and telephone numbers of all UPS Ground Freight, Inc. drivers who worked out of the same facility as Defendant Phillip Villarreal, limited to the five years prior to the accident in question.

IT IS FURTHER ORDERED that in response to Request Number 1 of McElduff's Second Request for Production, Defendant UPS Ground Freight, Inc. must produce all positive drug tests for five years prior to the accident in question for all the drivers who worked out of the same facility as Defendant Phillip Villareal.

IT IS FURTHER ORDERED that in response to Request Number 1 of McElduff's Second Request for Production, Defendant UPS Ground Freight, Inc. must produce records related to any controlled substances collection process for two years prior to the accident in question for all the drivers who worked out of the same facility as Defendant Phillip Villarreal.

IT IS FURTHER ORDERED that in response to Request Number 1 of McElduff's Second Request for Production, Defendant UPS Ground Freight,

Inc. must produce all negative drug tests for one year prior to the accident in question for all the drivers who worked out of the same facility as Defendant Phillip Villarreal.

Relator filed its petition for writ of mandamus asserting that Respondent abused his discretion by rendering a discovery order that requires Relator to violate federal law, invades the privacy rights of third persons, and requires the disclosure of irrelevant information. The parties agreed to stay discovery pending a ruling on the petition.

### PREREQUISITES TO MANDAMUS

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex. 2000) (orig. proceeding) (per curiam). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id*. at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id*. The relator has the burden to establish the prerequisites to mandamus. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

Mandamus relief from a non-appealable interlocutory order requires the showing of a serious denial of a right for which the remedy by appeal is inadequate. *See United Mexican States v. Ashley*, 556 S.W.2d 784, 785 (Tex. 1977) (orig. proceeding). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). The requirement that there be no other adequate remedy by law is met when parties are in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 842. A party will not have an adequate remedy by appeal: (1) when the appellate court would not be able to cure the trial court's discovery error; (2) where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error; and (3) where the trial court disallows discovery and the missing discovery cannot be made a part of the appellate

3

record or the trial court, after proper request, refuses to make it a part of the record. ***In re Ford Motor Co.***, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); ***Walker***, 827 S.W.2d at 843.


**DISCOVERY ORDER**

Relator asserts that Respondent abused his discretion by rendering an order that requires Relator to violate federal law by producing irrelevant and federally privileged documents containing the private health information of hundreds of UPS drivers who were not involved in the accident at issue in the underlying lawsuit and who have not consented to disclosure of their records.

**Preemption**

Relator argues that federal law prohibits it from disclosing testing results about drivers not involved in this lawsuit without their consent, and therefore preempts the trial court's discovery order. Alternatively, Relator argues that, even if the information sought is otherwise discoverable, it is prohibited due to public interest considerations regarding those drivers' right to confidentiality.

*Applicable Law*

Part 382 of the Federal Motor Carrier Safety Regulations establishes programs designed to help prevent accidents and injuries resulting from the misuse of alcohol or use of controlled substances by drivers of commercial motor vehicles. 49 C.F.R. § 382.101 (2020). The regulations require certain testing of drivers. *See **id**.* §§ 382.301-.311. Employers must retain the testing records for specified time periods. *See **id**.* § 382.401. There are restrictions on an employer's authority to release the test results. *See **id**.* § 382.405(a). Except as otherwise provided in the regulations, the employer is prohibited from releasing individual test results or medical information about an employee to third parties without the employees' specific written consent. ***Id**.* § 40.321. However, the regulations authorize release of information in some instances. An employer may disclose information in criminal or civil actions in accordance with Section 40.323(a)(2) of Title 49. ***Id**.* § 382.405(g). Section 40.323(a)(2) provides:

> (a) As an employer, you may release information pertaining to an employee's drug or alcohol test without the employee's consent in certain legal proceedings.
> . . . .

(2) These proceedings also include a criminal or civil action resulting from an employee's performance of safety-sensitive duties, in which a court of competent jurisdiction determines that the drug or alcohol test information sought is relevant to the case, and issues an order directing the employer to produce the information. For example, in personal injury litigation following a truck or bus collision, the court could determine that a post-accident drug test result of an employee is relevant to determining whether the driver or the driver's employer was negligent. The employer is authorized to respond to the court's order to produce the records.

*Id*. § 40.323(a). With the exception of application of state criminal law, Part 382 preempts any state or local law, rule, regulation, or order to the extent that: "(1) Compliance with both the State or local requirement in this part is not possible; or (2) Compliance with the State or local requirement is an obstacle to the accomplishment and execution of any requirement in this part." *Id*. § 382.109; *see also* 49 U.S.C.A. 31306; ***MCI Sales & Serv., Inc. v. Hinton***, 329 S.W.3d 475, 482 (Tex. 2010). Further, state procedural rules may not be used to impose unnecessary burdens upon rights of recovery authorized by federal law. *See **Kansas City S. Ry. Co. v. Oney***, 380 S.W.3d 795, 799 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

*Analysis*

Relator begins with the assertion that the regulations allow an employer to disclose only the records of the driver who is involved in the lawsuit, that is, the driver who was involved in the accident. The lawsuit brought by plaintiffs against UPS and Villareal is a civil action resulting from an employee's performance of safety-sensitive duties, the trial court has jurisdiction, the trial court determined that the test information sought is relevant to the case, and the court issued an order directing UPS to produce the information. The regulation does not forbid employers from disclosing test results of employees not involved in the lawsuit. The example included in Section 40.323(a)(2) does not preclude other scenarios. The trial court complied with Section 40.323(a), and federal law does not prohibit Relator from disclosing testing results about drivers not involved in this lawsuit without their consent. Here, compliance with both the trial court's order and the applicable federal regulations is possible. The order and regulations do not conflict, and the regulations do not preempt the trial court's order. *See **Hinton***, 329 S.W.3d at 482.

Relator further argues that Respondent failed to consider the public interest in protecting driver confidentiality that underlies the regulations. Relator's emphasis on driver confidentiality

5

is misplaced. The rules regarding retention and use of test results are part of a statutory scheme in place to help prevent accidents and injuries resulting from the misuse of alcohol or use of controlled substances by drivers of commercial motor vehicles. 49 C.F.R. § 382.101. The primary public interest at issue in Part 382 of the Federal Motor Carrier Safety Regulations is safety. If safety information is withheld in order to protect the confidentiality of non-party drivers, the result could be at odds with the statutory scheme which focuses on safety. The trial court's order requiring UPS to disclose test results of non-parties is consistent with the goals of Part 382. *See id.*

**Relevance and Overbreadth**

Relator contends Respondent abused his discretion by ordering irrelevant and overbroad discovery about testing. Relator asserts the order is overly broad as to subject matter.[1] It complains that the order requires it to disclose the identity and contact information and produce drug test results and records related to any controlled substance collection process as to numerous drivers who had nothing to do with this accident.

Regarding relevance, Relator argues that there is no evidence that any UPS driver other than Villarreal was negligent, or that drug use by any other driver caused or contributed to this accident or any alleged injuries. Therefore, the evidence sought has no probative value and would be unfairly prejudicial. It further argues that the issues here are not made more or less probable by evidence that other drivers who were completely uninvolved in this accident passed or failed drug or alcohol tests at other times. Finally, Relator argues that McElduff cannot justify her discovery requests by alleging that UPS failed to create a safe, drug-free culture for its drivers.

*Applicable Law*

A party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action. TEX. R. CIV. P. 192.3(a). The rules governing discovery do not require as a prerequisite to discovery that the information sought be admissible evidence; it is enough that the information appears reasonably calculated to lead to the discovery of admissible evidence. *Id*. Evidence is relevant if "(a) it has any tendency to make a fact more

---

[1] As noted by UPS in its petition, this court, in the first mandamus proceeding, determined that the trial court's December 6, 2019 discovery order was overly broad as to time. *See In re UPS Ground Freight, Inc.*, 2020 WL 975357, at *4. We are not revisiting that determination in this proceeding. The time limits imposed by the trial court's April 23, 2020 order, production of specified documents for one, two, or five years before the accident, remain intact.

or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401. Evidence is probative if it is relevant to a party's actions in conforming or failing to conform to an appropriate standard of care. *JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 837 (Tex. 2018). A request for information must show a reasonable expectation of obtaining information that will aid the dispute's resolution. *In re CXS Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). A discovery order that compels overly broad discovery is an abuse of discretion for which mandamus is appropriate. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding) (per curiam). Further, where a discovery order compels production of "patently irrelevant" documents there is no adequate remedy by appeal. *In re CXS Corp.*, 124 S.W.3d at 153.

*Analysis*

In her petition, McElduff alleged that Relator was negligent and grossly negligent in failing to comply with federal and state laws and regulations concerning drivers. She also alleged that Relator negligently undertook obligations to train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Further, she alleged that UPS committed gross negligence by knowingly requiring and permitting its commercial motor vehicle drivers to drive while under the influence of drugs and knowingly failing to comply with its own corporate policies and federal law with respect to hiring, training, supervising, retaining drivers, and driving commercial motor vehicles.

In his deposition, Villareal admitted he, at times, gave drugs to other drivers at the UPS distribution site, and, at times, other drivers gave him drugs at the UPS distribution site. He agreed that no one at the UPS distribution site stopped this transference of drugs. Villarreal testified that he knew from other drivers that he would not get caught smoking pot while continuing to drive.

McElduff argues that Relator's history of drug testing is a fact that is "of consequence in determining the action," and this information is discoverable. She seeks the information to show that Relator was negligent and grossly negligent in its retention, training, and supervision of its drivers. Specifically, McElduff seeks the information to establish whether Relator failed to properly implement a drug testing program that could have prevented the accident Villarreal was involved in, and that Relator permitted drivers to drive under the influence of drugs and failed to comply with company policy and federal laws. She argues that the test result evidence has a

tendency to show that it was more or less probable that Relator was properly monitoring the drug use of its drivers. That is, test results for other drivers would help verify the frequency of testing and demonstrate how Relator responded to positive tests. Further, she argues that the information sought is directly relevant to Relator's defense that it fully complied with federal drug testing requirements. Additionally, she asserts test results would be relevant to show gross negligence if they show Relator was aware of a pervasive drug problem but was indifferent to it.

Evidence shows that some of the other drivers who worked out of the Irving facility were drug users. McElduff alleged that Relator permitted its drivers to drive under the influence of drugs. Test results of other drivers would have a tendency to make this allegation more or less probable. *See* TEX. R. EVID. 401. The trial court reasonably could have found that the results of other drivers' drug tests is reasonably calculated to lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 192.3(a). The extent to which Relator drug-tested its drivers and what it did with the results is probative of Relator's defense that it complied with federal drug-testing requirements and McElduff's negligence claims. *See **JBS Carriers, Inc.***, 564 S.W.3d at 837; ***In re CXS Corp.***, 124 S.W.3d at 152. The test result information of other drivers is relevant. Therefore, the trial court did not abuse its discretion in ordering Relator to produce the test results of other drivers showing the positive and negative drug test results of non-party drivers.

McElduff sought drug testing information to establish that Relator did not adequately drug test all of its drivers as required. Relator's duty to protect public safety by drug testing and ensuring that impaired drivers do not drive applies to all its drivers. We agree with McElduff's assertion that, because the discovery requests are related to the subject matter of the case, the requests for test results and Relator's controlled substances collection process are not overbroad. Furthermore, the allegations refer to Relator's training and supervision of all its drivers at the Irving facility. Names, addresses, and telephone numbers of all drivers who worked out of the Irving facility constitute relevant information. Therefore, the first decretal paragraph, which orders Relator to disclose the names, addresses, and telephone numbers of those drivers, is not overbroad. Additionally, to the extent the second, third, and fourth decretal paragraphs order Relator to disclose test results and records related to Relator's controlled substance collection process, these paragraphs are not overbroad.

However, the question of discoverability of *identification* of non-party drivers whose test results have been produced is separate from the question of discoverability of the *results* of non-

party drivers' tests.  We reach a different conclusion regarding the relevancy and overbreadth of decretal paragraphs two, three, and four to the extent these paragraphs require disclosure of identifying information of non-party drivers who were tested.  This information is not probative of McElduff's claims against Relator.  *See* TEX. R. EVID. 401.   There is no reasonable expectation that identification of tested non-party drivers will lead to information that will aid the dispute's resolution.  *See **In re CSX Corp.***, 124 S.W.3d at 152.  Because identifying information of non-party drivers in connection with their test results is not relevant to McElduff's suit against Relator, to the extent paragraphs two, three, and four order Relator to produce that information, Respondent abused his discretion.

**Right to Privacy**

Relator argues that disclosure of other drivers' information violates their constitutional and common law privacy rights.  It asserts that the uninvolved drivers have a fundamental expectation of privacy about their personal medical condition, including "drug screening by urinalysis."

*Applicable Law*

Americans have a constitutional right to privacy.  ***Plante v. Gonzalez***, 575 F.2d 1119, 1127 (5th Cir. 1978).  The right springs from several of the Bill of Rights amendments and is incorporated in the due process protected by the fourteenth amendment.  *See **Griswold v. Conn.***, 381 U.S. 479, 482-85 (1965).  The Texas Constitution contains several provisions similar to those in the United States Constitution that have been recognized as implicitly creating protected zones of privacy.  *See **Tex. State Emps. Union v. Tex. Dep't of Mental Health & Mental Retardation***, 746 S.W.2d 203, 205 (Tex. 1987).  Disclosural privacy encompasses the ability of individuals to determine for themselves when, how, and to what extent information about them is communicated to others.  *See **Indus. Found. of the S. v. Tex. Indus. Accident Bd.***, 540 S.W.2d 668, 679 (Tex. 1976).  The medical records of an individual have been held to be within the zone of privacy protected by the United States Constitution.  *See **In re Xeller***, 6 S.W.3d 618, 625 (Tex. App.—Houston [14th. Dist.] 1999, orig. proceeding); *see also **Brooks v. E. Chambers Consol. Indep. Sch. Dist.***, 730 F. Supp. 759, 763 (S.D. Tex. 1989), *aff'd*, 930 F.2d 915 (5th Cir. 1991) (held that drug screening by urinalysis constitutes an infringement on reasonable expectations of privacy).  To determine whether the pursuit of justice between litigants outweighs the protection of privacy, the courts balance the privacy interest against competing

claims of relevance and need. *See Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962) (orig. proceeding). Because the protection of privacy is fundamental and of constitutional import, discovery must be scrupulously limited to what is material and relevant to the cause of action at issue. *In re United Servs. Auto Ass'n*, 76 S.W.3d 112, 115 (Tex. App.—San Antonio 2002, orig. proceeding).

*Analysis*

McElduff asserts that Relator does not have standing to complain on behalf of the non-party drivers. We disagree. Relator, the entity in possession of the requested documents, may assert rights to privacy on behalf of its employees. *See Peeples v. Hon. Fourth Supreme Judicial Dist.*, 701 S.W.2d 635, 636 (Tex. 1985) (orig. proceeding) (corporation and its president asserting privilege on behalf of the corporation); *Tarrant Cty. Hosp. Dist. v. Hughes*, 734 S.W.2d 675, 677 (Tex. App.—Fort Worth 1987, orig. proceeding) (hospital asserting privacy rights of its blood donors).

McElduff implies that the confidentiality agreement between the parties nullifies concerns about privacy interests. Again, we disagree. That agreement, entitled "Confidentiality Agreement—Medical Records of the Parties," merely provides that medical records produced in this case are confidential and that confidential medical records "about any party" will be disseminated only to certain persons. The agreement does not address confidential records of non-parties.

As stated above, discoverability of the identification of non-party drivers and discoverability of the results of non-party drivers' tests are separate issues. McElduff has not shown any legitimate right to the identities of the non-party drivers whose test results are to be provided. Relator's interest in protecting the privacy rights of those drivers outweighs any right or need McElduff has to discover the identities of the non-party drivers who were tested. *See Maresca*, 362 S.W.2d at 301. McElduff's case will not be prejudiced if the test result records are provided with names and other identifying information redacted. Likewise, any records related to any controlled substance collection process for all drivers who worked out of the Irving facility must be redacted to protect the identities of the drivers involved. To the extent Respondent's order requires disclosure of information identifying non-party drivers in connection with their test results, the order violates those drivers' right to privacy and is

10

overbroad. Mandamus is appropriate here because remedy by appeal is inadequate. *See **In re United Servs. Auto Ass'n***, 76 S.W.3d at 115.

**DISPOSITION**

To the extent the trial court's discovery order requires production of records showing names, addresses, and telephone numbers of all drivers who worked out of the Irving facility without reference to testing information, and separately, the number of tests performed, the dates those tests were performed and the positive and negative test results, Respondent did not abuse his discretion. However, to the extent Respondent ordered Relator to produce unredacted copies of any records related to testing or any controlled substance collection process showing irrelevant identifying information in violation of the non-party drivers' right to privacy, Respondent abused his discretion. We also conclude that Relator does not have an adequate remedy by appeal.

We ***conditionally grant*** the petition for writ of mandamus in part as to the omission of an order to redact personal identifying information from the scope of the second, third, and fourth decretal paragraphs of Respondent's order. We direct Respondent to issue a revised order for Relator to provide the names, addresses, and telephone numbers of all UPS Ground Freight, Inc. drivers who worked out of the same facility as Defendant Phillip Villarreal, limited to five years prior to the accident in question. We further direct Respondent to vacate decretal paragraphs two, three, and four of the April 23, 2020 order granting McElduff's second motion to compel. We further direct Respondent to issue an order for Relator to produce all positive drug tests for five years prior to the accident in question for all drivers who worked out of the same facility as Defendant Phillip Villarreal, all negative drug tests for one year prior to the accident in question for all drivers who worked out of the same facility as Defendant Phillip Villarreal, and records related to any controlled substance collection process for two years prior to the accident in question for all drivers who worked out of the same facility as Defendant Phillip Villareal, and to redact those documents to prevent disclosure of any names or identifying information regarding the non-party drivers. We ***deny*** the remainder of the petition regarding McElduff's request for test results. The writ will issue only if the trial court fails to comply with the court's opinion and order ***within ten (10) days after the date of the opinion and order.*** The court shall furnish this

11

court, within the time for compliance with the court's opinion and order, a certified copy of its order evidencing such compliance.

**GREG NEELEY**
Justice

Opinion delivered September 23, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# ORDER

**SEPTEMBER 23, 2020**

**NO. 12-20-00129-CV**

**UPS GROUND FREIGHT, INC.,**
Relator
V.
**HON. CLAY GOSSETT,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **UPS GROUND FREIGHT, INC.**, relator in appellate cause number 12-20-00129-CV and defendant in trial court Cause No. 2017-330, pending on the docket of the 4th Judicial District Court of Rusk County, Texas. Said petition for writ of mandamus having been filed herein on May 22, 2020, and the same being duly considered, because it is the opinion of this Court that the petition is meritorious in part, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **conditionally granted** in part.

And it is further the opinion of this Court that Respondent will act promptly and issue an order for UPS Ground Freight, Inc. to provide the names, addresses, and telephone numbers of all UPS Ground Freight, Inc. drivers who worked out of the same facility as Defendant Phillip Villarreal, limited to five years prior to the accident in question, and vacating decretal paragraphs two, three, and four of his order of April 23, 2020 granting the second motion to compel filed by real party in interest, Jacintha Nicole McElduff, individually and as Independent Administrator of the Estate of Nathan Dean Clark. Further, this court is of the opinion that Respondent will issue an order for UPS Ground Freight, Inc. to produce all positive drug tests for five years prior to the accident in question for all drivers who worked out of the same facility as Defendant Phillip Villarreal, all negative drug tests for one year prior to the accident in question for all drivers who worked out of the same facility as Defendant Phillip Villarreal, and records related to any controlled substance collection process for two years prior to the accident in question for all drivers who worked out of the same facility as Defendant Phillip Villareal. Further, this court is of the opinion that Respondent will issue an order for UPS Ground Freight, Inc. to redact all test results and records produced to prevent disclosure of any names or identifying information regarding non-party drivers. The writ will not issue unless the Honorable J. Clay Gossett, Judge of the 4th Judicial District Court of Rusk County, Texas fails to do so **within ten (10) days** from the date of this order.

We **deny** the petition to the extent UPS Ground Freight, Inc. requests that the April 23, 2020 order to produce drug test results should be vacated.

It is further ORDERED that all costs of this proceeding are hereby adjudged against Real Party in Interest **JACINTHA NICOLE MCELDUFF, INDEPENDENTLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF NATHAN DEAN CLARK**.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

# THE STATE OF TEXAS
# M A N D A T E

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE 4TH DISTRICT COURT OF RUSK COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the  day of July, 2020, the cause upon appeal to revise or reverse your judgment between

**IN RE: UPS GROUND FREIGHT, INC., Relator**

**NO. 12-20-00129-CV; Trial Court No. 2017-330**

Opinion by Greg Neeley, Justice.

**, Appellee**

was determined; and therein our said Court made its order in these words:

"Text goes here."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the xx day of July, 2020.



By: _Katrina McClenny_
KATRINA MCCLENNY, CLERK