

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01091-CV

Sonja A. **CAMPBELL**,
Appellant

v.

Craig **GOECKERITZ** and Rachel Goeckeritz,
Appellees

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2015PC1378
Judge Sandee Bryan Marion, Judge Presiding

Opinion by:  Lori I. Valenzuela, Justice

Sitting:  Irene Rios, Justice
Beth Watkins, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: December 11, 2024

AFFIRMED

In this appeal, appellant Sonja Campbell ("Sonja") complains about the trial court's order granting appellees Craig Goeckeritz and Rachel Goeckeritz's motion to dismiss and for sanctions. On appeal, Sonja argues the trial court's order amounts to an abuse of discretion. We affirm.

## BACKGROUND

Dennis Campbell ("Dennis") died in 2015, leaving his estate to his four children: Sonja, Carol Campbell, James Campbell, and David Campbell ("David"). Per Dennis's will, the trial court

appointed David as the independent executor of Dennis's estate. Dennis's estate included certain real property (the "Property"). Sonja resided on the Property.

On April 10, 2019, Sonja filed a *pro se* petition seeking to remove David as independent executor and to recover damages due to David's alleged mishandling of Dennis's estate. Sonja's petition alleged, among other things: that David had mismanaged Dennis's estate; a verbal lease existed between her and "both parties' mother"; she had purchased materials to build an apartment on the Property; she was being forced to sell the materials; and that David had filed a retaliatory eviction suit against her seeking to remove her from the Property. In one cause of action, Sonja alleged David had breached his fiduciary duties as the estate's independent executor. David filed a *pro se* answer in which he averred Sonja had a history of hostility and attached a judgment of eviction from the Property levied against Sonja.

The following month, on May 8, 2019, Sonja filed a *pro se* original petition seeking to partition the Property (the "Partition suit"). Sonja claimed that although she and her siblings held "an equal shared interest in the Property," she had lived on the Property "since April 2012"; she "bore the burden" for the "cost and labor and upkeep of the [Property]"; the "sentimental value for the [Property]" purchased by Dennis for the siblings "rest[s] solely with" her; the Property was gifted to her by Dennis; and the siblings were going to sell the Property below what she perceived to be the market value. On September 3, 2020, the trial court, on its own motion, removed David as independent executor because he failed to file an accounting of Dennis's estate.

On March 25, 2022, Sonja, *pro se*, filed "Plaintiff's Original Petition for Declaratory Judgment" (the "Declaratory Judgment suit"). In addition to generally reasserting her allegations against David and her other siblings, Sonja alleged the Goeckeritzes were liable to her as third parties because they purchased the Property from the estate while her Partition suit was ongoing.

Despite the estate selling the Property to the Goeckeritzes, Sonja alleged she was still entitled to a partition of the Property. Sonja prayed the trial court render an order voiding the sale of the Property to the Goeckeritzes and issue a declaratory judgment that she has the right to partition the Property. Although Sonja opined that her requested relief would make it so a "Trespass to Title action" would no longer be necessary, she did not plead any such claim.

On May 5, 2022, the Goeckeritzes filed a motion to dismiss under Texas Rule of Civil Procedure 91a asserting Sonja's Declaratory Judgment suit had no basis in law or fact. *See* TEX. R. CIV. P. 91a. After Sonja filed a response, on June 14, 2022, the trial court granted the Goeckeritzes' motion, dismissed Sonja's Declaratory Judgment suit against the Goeckeritzes, and awarded the Goeckeritzes costs and attorney's fees.

After the trial court signed the Rule 91a dismissal order, on May 24, 2023, Sonja, *pro se*, filed an "Original Verified Petition to Trespass to Try Title to Real Property; Additionally, and in the Alternative, Petitions to Quiet Title" (the "Title suit"). The Goeckeritzes were named defendants. Relevant to this appeal, the substance of Sonja's Title suit mirrors the arguments and claims she asserted in her Declaratory Judgment suit. That is, Sonja alleged the estate's sale of the Property to the Goeckeritzes was void and that the trial court should order a partition of her interest in the Property. Sonja pled two causes of action against the Goeckeritzes, one for trespass to try title and the second to quiet title. In addition to filing her Title suit, Sonja also filed a notice of lis pendens on the Property.

On September 1, 2023, the Goeckeritzes filed a motion to dismiss and for sanctions. The Goeckeritzes' motion alleged the Title suit, like the Declaratory Judgment suit, failed "to state a cause of action or a factual allegation that would support one." The Goeckeritzes also moved to

expunge the lis pendens that Sonja had placed on the Property and represented that they were preparing the Property for sale.

The Goeckeritzes moved to dismiss the Title suit and sought sanctions under Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Civil Practices & Remedies Code. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE § 10.001, *et seq*. Specifically, the Goeckeritzes alleged Sonja's Title suit was groundless, harassing, and filed in bad faith and for an improper purpose because it was based on the same grounds, facts, and legal arguments alleged and adjudicated in the Declaratory Judgment suit. The Goeckeritzes claimed dismissal of the Title suit with prejudice was appropriate because the trial court had "already used a lesser sanction to attempt to secure compliance with the rules of procedure by previously entering the [R]ule 91a order of dismissal. Not to mention, a final judgment dated May 3, 2019 was rendered against [Sonja], in another proceeding, evicting her from the [Property]." The Goeckeritzes prayed the trial court dismiss Sonja's Title suit with prejudice and enter an order requiring Sonja to refrain from filing any other claims against the Goeckeritzes, pay a penalty to the trial court, and award the Goeckeritzes reasonable costs and attorney's fees.

Sonja filed a response arguing nothing in the Rule 91a dismissal order precluded her from filing the Title suit and that she had no notice that the Rule 91a dismissal order could be considered by the trial court when determining the Goeckeritzes' motion to dismiss and for sanctions in the Title suit. Sonja additionally contended the relief in the two lawsuits was not the same because the aim of the Declaratory Judgment suit "was a declaration on status, legal relationship and rights of the Goeckeritz[es] as bona-fide purchasers" and the Title suit "requested [] possession of the [P]roperty [Dennis] left her by declaring the Goeckeritz[es'] deed is void and conveyed no title and a deed issued in her name as owner."

On October 26, 2023, the trial court held a hearing on the Goeckeritzes' motion to dismiss and for sanctions. After hearing arguments from the parties and reviewing the Goeckeritzes' motion and attached exhibits, which included the previous Rule 91a dismissal order, the trial court issued a written order granting the Goeckeritzes' motion. The trial court's order dismissed Sonja's Title suit with prejudice pursuant to Rule 13 and Chapter 10 (the "Sanctions order").[1] This appeal followed.

On appeal, Sonja raises seventeen issues contesting, among other things, the dismissal of the Declaratory Judgment suit and the Title suit, and contesting the trial court's rendering of the Sanctions order. Because the trial court's order explicitly states it dismissed the Title suit and awarded sanctions based on Rule 13 and Chapter 10, and because the issues associated with these two authorities are dispositive, we limit our discussion to those two authorities and need not address Sonja's remaining issues.[2] *See* TEX. R. APP. P. 47.1.

### SANCTIONS

*Standard of Review and Applicable Law*

We review a trial court's imposition of sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). A trial court abuses its discretion only if it "acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Id.*; *Griffin Indus. v. Grimes*, No. 04-02-00430-CV, 2003 WL 1911993, at *3 (Tex. App.—San Antonio Apr. 23, 2003, no pet.) ("When reviewing a trial court's finding under the abuse of discretion standard, we may not substitute our judgment for that of the trial court.").

---

[1] The trial court additionally awarded the Goeckeritzes attorney's fees and costs, which are not challenged on appeal.
[2] We acknowledge, as Sonja concedes, that she failed to brief a majority of her issues presented. *See* TEX. R. APP. P. 38.1(i).

"In deciding whether the sanctions constitute an abuse of discretion, we examine the entire record." *Grimes*, 2003 WL 1911993, at *3. "We review the conflicting evidence in the light most favorable to the trial court's ruling, and draw all reasonable inferences in favor of the court's judgment." *Herring v. Welborn*, 27 S.W.3d 132, 143 (Tex. App.—San Antonio 2000, pet. denied). "In reviewing the trial court's action in granting or denying sanctions, we ordinarily look to its formal findings of fact and conclusions of law." *Grimes*, 2003 WL 1911993, at *3. "We uphold the judgment on any applicable theory that finds support in the record." *Id.*; *Roach v. Ingram*, 557 S.W.3d 203, 228–29 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (noting the trial court's sanction order will be upheld if "some evidence supports the trial court's decision.").

A trial court may impose sanctions under its inherent authority, by statute, by rule, or through a combination thereof to effectuate the orderly administration of justice. *In re Estate of Perez-Muzza*, 446 S.W.3d 415, 424 (Tex. App.—San Antonio 2014, pet. denied). In this case, the trial court's Sanctions order dismissed Sonja's case with prejudice under the authority of Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Civil Practice and Remedies Code. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE § 10.001, *et seq*.

## I. Rule 13

Texas Rule of Civil Procedure 13 provides that a *pro se* party or an attorney who signs a pleading, motion, or other document certifies that the signatory read the instrument and "that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment." TEX. R. CIV. P. 13; *see KB Home Lone Star Inc. v. Gordon*, 629 S.W.3d 649, 658 (Tex. App.—San Antonio 2021, no pet.). "Generally, courts presume that pleadings and other papers are filed in good faith" and "[t]he party seeking sanctions bears the burden of overcoming

this presumption of good faith." *Low*, 221 S.W.3d at 614. To overcome this presumption, the party seeking Rule 13 sanctions must first establish that the complained-of document is groundless. *See* TEX. R. CIV. P. 13; *Gordon*, 629 S.W.3d at 658. "Groundless" for purposes of Rule 13 means "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." TEX. R. CIV. P. 13.

The test to determine whether a document is groundless is an objective one: Did "the party and counsel [make] a reasonable inquiry into the legal and factual basis of the claim at the time the [instrument] was filed." *Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 348 (Tex. App.—San Antonio 2006, pet. denied); *Mann v. Kendall Home Builders Constr. Partners I, LTD*, 464 S.W.3d 84, 92 (Tex. App—Houston 14th Dist. 2015, pet. denied) (noting that a "'[r]easonable inquiry' means the amount of examination that is reasonable under the circumstances of the case"). To answer such an inquiry, "[t]he court will look to the facts available to the litigant and the circumstances *at the time the* [instrument] *was filed*." *In re United Servs. Auto. Ass'n*, 76 S.W.3d 112, 116 (Tex. App.—San Antonio 2002, orig. proceeding) (emphasis in original). When a represented party or the attorney fails "to make an objectively reasonable inquiry into the legal and factual basis of the claims at the time the pleading was filed," the pleading is groundless. *Mann*, 464 S.W.3d at 92. Nevertheless, although a pleading, motion, or other document may be found to be groundless, the conduct is not sanctionable unless accompanied by bad faith, brought for the purpose of harassment, or false when signed. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 363 (Tex. 2014); *In re United Servs. Auto. Ass'n*, 76 S.W.3d at 116.

Bad faith is not comprised of mere errors in judgment, lack of diligence, unreasonableness, or even gross negligence. *Brewer v. Lennox Hearth Products, LLC,* 601 S.W.3d 704, 718–19 (Tex. 2020); *Estate of Davis v. Cook*, 9 S.W.3d 288, 298 (Tex. App.—San Antonio 1999, no pet.).

Rather, bad faith is "an intent to engage in conduct for an impermissible reason, willful, noncompliance, or willful ignorance of facts [and] includes 'conscious doing of a wrong for a dishonest, discriminatory, or malicious purpose.'" *Brewer*, 601 S.W.3d at 718–19 (quoting *Pearson v. Stewart*, 314 S.W.3d 242, 248 (Tex. App.—Fort Worth 2010, no pet.)). Harassment occurs when an instrument is filed with the intent to annoy, alarm, and abuse another person. *WWW.URBAN.INC. v. Drummond*, 508 S.W.3d 657, 676 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Bravenec v. Flores*, No. 04-11-00444-CV, 2013 WL 1149418, at *5 (Tex. App.—San Antonio Mar. 20, 2013, no pet.) (mem. op.) ("'Harass' is used in a variety of legal contexts to describe words, gestures, and actions that tend to annoy, alarm, and verbally abuse another person.").

Rule 13 sanctions may not be imposed "except for good cause, the particulars of which must be stated in the sanctions order." TEX. R. CIV. P. 13; *Guerra v. L&F Distribs., LLC*, 521 S.W.3d 878, 889 (Tex. App.—San Antonio 2017, no pet.). The purpose of the "particularity" requirement is (a) to ensure the trial court is held accountable and adheres to the standard of the rule, (b) for the court to reflect carefully on its order before ordering sanctions, (c) to give notice to the offending party of the particular conduct being sanctioned, and (d) enables the appellate court to review the order in light of the particular findings. *Alper v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 411 (Tex. App—Houston [1st Dist.] 2005, pet. denied). "Upon determination that a party has violated Rule 13, the trial court may impose an 'appropriate' sanction, including dismissal of the action with prejudice." *In re Estate of Perez-Muzza*, 446 S.W.3d at 424; TEX. R. CIV. P. 13; TEX. R. CIV. P. 215.

*II.      Chapter 10*

A trial court may also award sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code. Section 10.001 provides that a person who signs a pleading or a motion certifies "that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry" that the following are true:

(1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

TEX. CIV. PRAC. & REM. CODE § 10.001.

A party seeking sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code is not required to specifically show bad faith or malicious intent on the part of the person signing the pleading or the motion. *Low*, 221 S.W.3d at 617. Instead, the inquiry is whether that person made a reasonable inquiry into all the allegations and, accordingly, certified that all the allegations in the petition or the motion had evidentiary support or were likely to have evidentiary support. *Id.* Therefore, unlike Rule 13, "Chapter 10 provides that a claim that lacks a legal or factual basis— without more—is sanctionable." *Nath,* 446 S.W.3d at 369. A pleading is sanctionable when the allegations do not have factual support, and it is not likely they will have evidentiary support in light of the evidence the person who signs a pleading had when she filed the pleading. *See id.*

For a violation of section 10.001, "[t]he sanction must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated." TEX. CIV. PRAC. & REM. CODE § 10.004(b). Sanctions may include (1) a directive to the violator to perform, or refrain from performing, an act, (2) an order to pay a penalty into the court, and (3) an order to pay the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees. *Id*. § 10.004 (a), (b).

### III.    *Sanctions Must Have a Direct Relationship to the Conduct, and the Punishment Must be Appropriately Tailored*

Regardless of the authority under which a sanction is levied, a sanction must be "just" for the trial court not to run afoul of its discretional limits. *In re Estate of Perez-Muzza*, 446 S.W.3d at 424. That is, the imposed sanction must (1) bear a direct relationship to the offensive conduct and (2) "be no more excessive than necessary to satisfy its legitimate purposes." *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). A direct relationship exists between the sanction imposed and the offensive conduct when the sanction is instituted to specifically curb the abuse and remedy "the prejudice caused [to] the innocent party." *Id*. A sanction is not excessive if the punishment "fits the crime." *Id*.

### *Analysis*

Sonja argues the trial court's order amounts to an abuse of discretion because (1) the evidence is insufficient to support the Sanctions order, and (2) the trial court erred by failing to issue findings of fact and conclusions of law.

The Sanctions order dismissed Sonja's claims against the Goeckeritzes with prejudice and made the following findings:

1. [Sonja's] Original Verified Petition to Trespass to Try Title to Real Property; Additionally, and in the Alternative, Petitions to Quiet Title (the "Petition"), was filed in violation of TEX. R. CIV. P. 13. The pleading is groundless and was

filed in bad faith and for the purpose of harassment. Therefore, good cause exists for the imposition of these sanctions.

2.  The Petition was filed in violation of TEX. CIV. PRAC. & REM. CODE § 10.001, et seq. The Petition signed by [Sonja] was presented by her for an improper purpose, including for the purpose of harassment. Further, the Petition is unsupported by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or establishment of new law. Also, the Petition's allegations and factual allegations have no evidentiary support.

3.  The Court previously dismissed [Sonja's] lawsuit filed against [the Goeckeritzes], under TEX. R. CIV. P. 91a. [Sonja] then filed another frivolous lawsuit by filing her current Petition against [the Goeckeritzes] and also filed a notice of lis pendens tying up the sale of the [Property] subject of these proceedings. Thus, [Sonja] has committed egregious misconduct warranting a dismissal with prejudice, lesser sanctions would not promote compliance with the rules, and [Sonja's] conduct justifies a finding that her claims lack merit.

At the hearing on the Goeckeritzes' motion, the trial court heard arguments from Sonja and the Goeckeritzes' counsel. The trial court questioned Sonja regarding the substance of her two lawsuits as well as the eviction judgment removing her from the Property. The trial court admitted an affidavit from the Goeckeritzes' counsel regarding his fees attributable to the motion but took no other documentary evidence. Generally, both Rule 13 and Chapter 10 require the trial court to "hold an evidentiary hearing to make the necessary factual determinations about the party's or the attorney's motives and credibility." *Gomer*, 419 S.W.3d at 480; *Davila v. World Car Five Star*, 75 S.W.3d 537, 544 (Tex. App.—San Antonio 2002, no pet.) ("Without hearing evidence on the circumstances surrounding the filing of the pleading and the signer's credibility and motives, the trial court has no evidence to determine that a party or its attorneys filed the pleading in bad faith or to harass.") (internal quotation marks omitted) . "In some circumstances, however, the trial court may be able to make a determination by taking judicial notice of items in the case file." *Drummond*, 508 S.W.3d at 676.

The record in this case shows that the trial court took judicial notice of its file during the hearing, including the Declaratory Judgment suit petition, the Rule 91a dismissal order, and the Title suit petition. *See In re R.S.D.*, 446 S.W.3d 816, 820 n.4 (Tex. App.—San Antonio 2014, no pet.) ("[A] court may take judicial notice that a pleading has been filed in the case, that it has signed an order, or of the law of another jurisdiction," but a "court may not take judicial notice of the truth of allegations in its records."); *see also Dutton v. Dutton*, 18 S.W.3d 849, 856 (Tex. App.— Eastland 2000, pet. denied) (noting "this [appellate] court may take judicial notice, even if no one requested the trial court to do so and even if the trial court did not announce that it would do so."). We conclude that this is a case in which the trial court could make the proper determinations regarding the imposed sanctions by taking judicial notice of the file. *Drummond*, 508 S.W.3d at 676; *Dutton*, 18 S.W.3d at 856.

Turning to the merits of the Sanctions order, the two lawsuits are strikingly similar in nature and request the same ultimate relief. The Declaratory Judgment suit sought to void the estate's sale of the Property to the Goeckeritzes and to require the trial court to enter a judgment compelling the partition of the Property. The Title suit similarly sought to void the estate's sale of the Property to the Goeckeritzes and to require the trial court to enter an order that Sonja had an interest in the Property and the right to partition. The Title suit sought the same ultimate relief based on the same legal arguments Sonja raised in her Declaratory Judgment suit, which was dismissed for lacking a basis in law or fact. TEX. R. CIV. P. 91a. Thus, the record shows that Sonja did not make a reasonable inquiry into the legal or factual basis of the claims asserted in her Title suit. *See Loeffler*, 211 S.W.3d at 348; *Mann*, 464 S.W.3d at 92. Accordingly, the trial court did not abuse its discretion by finding good cause for the Sanctions order and that the Title suit was groundless. *See id.*; TEX. R. CIV. P. 13.

As we have affirmed the trial court's finding that the Title suit was groundless, for Rule 13 sanction to be proper, we must next consider the trial court's conclusion that the Title suit was harassing and filed in bad faith. *Nath.,* 446 S.W.3d 363; *In re United Servs. Auto. Ass'n*, 76 S.W.3d at 116. Both lawsuits concern the same subject matter and the same arguments. The trial court dismissed the Declaratory Judgment suit because it bore no basis in law or fact as to Sonja's claims against the Goeckeritzes. Despite this, Sonja filed the Title suit, which, as addressed to the Goeckeritzes, was based on the same subject matter, and requested the same relief. That is, both lawsuits: (1) alleged the Goeckeritzes improperly bought the Property despite Sonja's pending Partition suit; (2) requested the trial court issue an order voiding the sale of the Property to the Goeckeritzes; and (3) sought an order that Sonja had a right to an interest in and to partition the Property. Based on this record, at the time Sonja filed the Title suit, she knew or had reason to know that her claims were harassing and filed in bad faith. *Brewer*, 601 S.W.3d at 718–19; *Drummond*, 508 S.W.3d at 676; *Bravenec*, 2013 WL 1149418, at *5. Accordingly, the trial court did not err in rendering sanctions based on Sonja's harassing and bad faith conduct as the record establishes a direct relationship between Sonja's offensive conduct and the sanctions imposed under Rule 13. *See TransAmerican*, 811 S.W.2d at 917.

Turning to the second inquiry of our review—whether the punishment fits the crime—Sonja contends the trial court abused its discretion in entering the Sanctions order because she was entitled to notice that the Rule 91a dismissal order was considered a "lesser sanction." A trial court must consider, but is not required to, impose lesser sanctions before dismissing claims for sanction-worthy conduct. *Cire v. Cummings*, 134 S.W.3d 835, 840–41 (Tex. 2004); *Shops at Legacy (Inland) Ltd. P'ship v. Fine Autographs & Memorabilia Retails Stores, Inc*., 418 S.W.3d 229, 233 (Tex. App.—Dallas 2013, no pet.). There is no requirement, however, that Sonja be placed on

explicit notice that the Rule 91a dismissal order was considered a lesser sanction prior to the trial court dismissing her Title suit. Moreover, in the Sanctions order, the trial court explained how it reached its conclusion by detailing the previous Rule 91a dismissal of the Declaratory Judgment suit and that it considered lesser sanctions but that lesser sanctions would not promote compliance with the rules. We conclude the trial court's Sanctions order, in this case, was not an abuse of discretion based on Sonja's repeated assertions of the claims that lack a basis in law or fact, including her filing of the lis pendens, despite the trial court's Rule 91a dismissal order. Accordingly, we further conclude the sanctions imposed by the trial court are "just" under *TransAmerican*, and we hold the trial court did not abuse its discretion by dismissing the Title suit with prejudice under Rule 13. Because we have found the trial court did not abuse its discretion in dismissing Sonja's Title suit with prejudice under Rule 13, it is unnecessary for us to address the trial court's imposition of sanctions under Chapter 10. *See Roach*, 557 S.W.3d at 228–29; *Grimes*, 2003 WL 1911993, at *3.

Finally, Sonja contends the trial court failed to make findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296. According to Sonja, she is unable to determine the basis for the trial court's Sanctions order. We disagree. As stated above, the Sanctions order explicitly details the basis for the trial court's decision. We conclude the trial court's Sanctions order sufficiently complies with the requirements of Rule 296. *See In re Estate of Miller*, 446 S.W.3d 445, 451 (Tex. App.—Tyler 2014, no pet.) (finding prejudgment letter, which provided "an extensive explanation of the basis for [the trial court's] ruling" satisfied Rule 296); *Thuesen v. Amerisure Ins. Co.*, 487 S.W.3d 291, 304 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (rejecting argument trial court failed to make findings of fact where the order detailed the basis for the trial court's ruling); *see also Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) ("In reviewing sanctions

orders, the appellate courts are not bound by a trial court's findings of fact and conclusions of law; rather, appellate courts must independently review the entire record to determine whether the trial court abused its discretion.").

## CONCLUSION

We overrule Sonja's appellate issues and affirm the trial court's Sanctions order.


Lori I. Valenzuela, Justice